IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER BROADUS, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-19-3636 |
| ADVENTIST HEALTH CARE WASHINGTON, | * | |
| MD PATE, | * | |
| JOSEPH DAVID, | | |
| RN WEBER, | * | |
| ERIN, | | |
| ANGELA DIFABIO, | * | |
| CEDRIC GREEN, | | |
| WEGNER GARRET, | * | |
| RN TIETCHU, | | |
| STEVEN, | * | |
| DR. BYRD, | | |
| MD KATHERINE DOUGLASS, | * | |
| RN TAMPKINS, | | |
| EUGENIA, | * | |
| MONTGOMERY COUNTY FIRE AND RESCUE SERVICES, | * | |
| DIEGO DEABREAU DOS SANTOS, | | |
| COUNTY EXECUTIVE MARC ELRICH, | * | |
| FIRE CHIEF SCOTT E. GOLDSTEIN, | | |
| | * | |
| Defendants | | |

***
**MEMORANDUM OPINION**

Christopher Broadus brings this action against Adventist Health Care Washington, "MD Pate", Joseph David, "RN Weber", "Erin", Angela DiFabio, Cedric Green, Wegner Garret, "RN Tietchu", "Steven", "Dr. Byrd", "MD Katherine Douglass", "RN Tampkins", and "Eugenia" (collectively, the "Hospital Defendants"); Montgomery County Fire and Rescue Services ("MCFRS"), Diego DeAbreau Dos Santos, and Fire Chief Scott E. Goldstein (collectively, the "MCFRS Defendants"); and County Executive Marc Elrich. ECF No. 1. Broadus alleges that the

Hospital Defendants fabricated his discharge documents and that their negligence led to his arrest, incarceration and assault at the hands of Dos Santos. *Id.* Broadus has not perfected service against the Hospital Defendants, while the MCFRS Defendants and Elrich have moved to dismiss the complaint. ECF Nos. 11, 15. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court informed Broadus that the failure to respond to the motions may result in dismissal of the Complaint. ECF Nos. 13, 16. Broadus has filed correspondence that did not address the defendants' motions. *See* ECF Nos. 18, 19.

The matter is now ripe for review, with no need for a hearing. *See* Loc. R. 105.6. For the reasons that follow, claims against the Hospital Defendants ARE DISMISSED without prejudice. The remaining defendants' motions to dismiss ARE GRANTED and the claims are dismissed.

**I.     Background**

The Complaint facts, viewed as true and most favorably to Broadus, are as follows. On July 27, 2019 at about 7:15 in the evening, Broadus was admitted to Adventist Health Care/Washington Adventist Hospital Emergency Department after having used PCP and because he was suffering from symptoms of his bipolar disorder. ECF No. 1 at 3; ECF No. 1-1 at 1. Hospital personnel chemically restrained Broadus because he was behaving violently and posed a threat to himself and to others. ECF No. 1-1 at 1-2. Broadus remained sedated and monitored for several hours in the Emergency Department. *Id.* at 2. After 12 hours, Broadus woke without assistance and was found to be sufficiently "stable for discharge." *Id.*

At discharge, Broadus contends that he had been given multiple discharge documents, prepared by different providers at different times and that none bore his signature. *Id.* at 2-3. He also asserts that no hospital staff conducted a proper evaluation prior to discharge to "find out whether he was still intoxicated or under sedation of medication." *Id.* at 3. Broadus was removed

from the hospital at "6:34 on 7-28-19" after he "became disruptive by touching a nurse." ECF No. 1 at 3. Dos Santos, an emergency medical technician with MCFRS, reported that Broadus had been shirtless in the emergency room and was grabbing defendant DiFabio's buttocks. ECF No. 1-1 at 3-4. Dos Santos then asked hospital staff to have him discharged, called security, and escorted Broadus out of the building. *Id.* at 4. Dos Santos stated in his report that Broadus had jumped into an ambulance, then into an Uber vehicle, and ultimately pulled a knife on Dos Santos. *Id.* at 4-5. According to Broadus, Dos Santos beat him up, and defendant Green, a member of the hospital security staff, also "jumped" him. Broadus was ultimately arrested and taken to jail. *Id.*

The Complaint also avers that Dos Santos punched Broadus and the police were called. *Id.* Broadus disputes that he possessed a knife, as his belongings had been taken when he first arrived at the hospital. *Id.* at 5-6. Broadus also maintains that "he had no idea" what he did to DiFabio and Dos Santos. ECF No. 1 at 3. Broadus believes that the Hospital Defendants negligently released him after only 12 hours of observation because detoxication usually takes 24 hours. ECF No. 1-1 at 6-7. In Broadus' view, the Hospital Defendants bear responsibility for his conduct that led to his arrest because he was still intoxicated at the time. *Id.*

## II. Standard of Review

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual

enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

### III. Discussion

#### A. Hospital Defendants

None of the Hospital Defendants was served with the complaint. Accordingly, the Court could dismiss the claims for lack of service of process. *See* Fed. R. Civ. P. 4(m). However, claims against the Hospital Defendants more fundamentally fail because the Court lacks subject matter jurisdiction over them.

This Court is one of limited jurisdiction, hearing claims only that arise from a federal question presented, 28 U.S.C. § 1331, or which are based on diversity of citizenship, 28 U.S.C. § 1332. Federal question jurisdiction exists for any civil action "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. Diversity jurisdiction exists where the parties are residents of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

If at any time a court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004).

The Complaint does not make plausible that the Hospital Defendants violated any federal statutes, nor does Broadus identify any federal cause of action. As to possible federal constitutional violations, none of the Hospital Defendants may be plausibly considered a state actor or as having engaged in state action, necessary predicates for a constitutional claim. *See* 42 U.S.C. § 1983. Thus, the Court finds no basis to exercise federal question jurisdiction.

Similarly, no basis exists for diversity jurisdiction. Broadus and the Hospital Defendants appear to be located in Maryland. Further, the Complaint provides no facts from which this Court could conclude that Broadus and the Hospital Defendants are citizens of different states. Thus, on the face of the Complaint, the Court evidently lacks diversity jurisdiction. Accordingly, the claims against the Hospital Defendants shall be dismissed without prejudice for lack of jurisdiction.

### B. MCFRS

MCFRS, as a subordinate agency of Montgomery County, Maryland, is a non-corporate branch of the governmental corporation. *See* Montgomery County Code §§ 21-1 and 21-3. As such, it is not subject to suit in its own right. *See Hines v. French*, 852 A.2d 1047, 1068 (Md. Ct. Spec. App. 2004) (recognizing that police departments are agents of the State and "are not legally cognizable entities subject to suit in [their] own name"); *see also Revene v. Charles County Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989) (explaining that the sheriff's department—which is a State agency—is not a separate entity from the State). No provision in the Annotated Code of Maryland or in the Montgomery County Code empowers MCFRS to sue or be sued. *See* ECF No. 11-1 at 10-11. Thus, the Court dismisses MCFRS from suit with prejudice.

### C. Dos Santos

Broadus has named Dos Santos as a defendant, presumably because Dos Santos allegedly punched Broadus and saw to his arrest. To the extent Broadus sues Dos Santos for constitutional violations brought pursuant to 42 U.S.C. § 1983, no facts make plausible that Dos Santos was acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (only state actors are proper defendants under § 1983). To the extent Broadus intends to pursue state common law tort claims, this Court lacks diversity jurisdiction for the reasons already discussed. *See* Section A, *supra*. Claims against Dos Santos are dismissed without prejudice.

### D. Goldstein and Elrich

Broadus' claims against Goldstein and Elrich are dismissed on slightly different grounds. Broadus does not allege that either individual participated directly in any wrongdoing. Accordingly, to the extent Broadus brings constitutional challenges under § 1983, he must aver each defendant's personal participation; respondeat superior liability is not available. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001); *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Thus, supervisory officials cannot be held liable for the acts of their subordinates unless the supervisor's "indifference or tacit authorization of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). No Complaint facts make plausible that either Erlich or Goldstein are liable for constitutional violations. *See Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) (stating that "[g]enerally, a failure to supervise gives rise to § 1983 liability . . . only in those situations in which there is a history of widespread abuse"). Additionally, Broadus avers no facts whatsoever to make plausible that Elrich or Goldstein

participated, directly or indirectly, in any possible common law claims. As pleaded, Broadus fails to aver on how either may be held to account for any claimed wrongdoing. Elrich and Goldstein, too, must be dismissed from this suit.

### IV.     Conclusion

Based on the foregoing, the Hospital Defendants will be dismissed for want of jurisdiction. The claims against MCFRS are dismissed with prejudice as an entity not subject to suit. All claims as to the remaining defendants are dismissed WITHOUT PREJUDICE.

A separate Order follows.

_____1/25/21_____             _____/S/_____
Date                                            Paula Xinis
                                                United States District Judge